the rule: "Where the appointee is county surveyor, he acts by virtue of his appointment, and not of his office, and his deputy cannot act in his stead."

The deputy county surveyor can only perform such duties as Surveyor Flickinger could do as county surveyor, but when the commissioners appointed Flickinger surveyor to survey and locate the Vondron road, this act of the commissioners did not include his deputy. The commissioners under section 4642 had the authority to appoint a surveyor, and they only appointed one. I have cited sections 4638-51. These sections govern all the proceedings that have been taken in this case.

Counsel have filed with the court voluminous briefs. Law pertaining to the case has been cited, and numerous decisions have been cited that do not apply.

Vondron's remedy, and only remedy, was by appeal under section 4687. If he had appealed under said section, the probate court would have ordered view under section 4692, which provides for the appointment of a surveyor, two chainmen and a marker, and under this section the viewers and surveyor are clothed with the same authority as when appointed by the commissioners under section 4642.

At the expiration of the twentieth day after the board of commissioners approved of the report and plat locating and establishing said road, plaintiff's remedy ceased.

If he has been wronged, it is too late for this court to grant relief. Every man has his day in court. Vondron had twenty days, and could have any time within the twenty days perfected his appeal in the road case. Plaintiff may say that he has been wronged and that he has no remedy.

There is no wrong without a remedy, and plaintiff's remedy, and only remedy, was under section 4687.

Plaintiff's counsel claim that the public cannot take his land without just compensation. This is true.

He not only had notice of the time within which to file his claim for compensation, but on the thirteenth day of October, 1897, he personally served notices on all of the land owners of the time that claims for compensation must be filed with the viewers.

By his own act he waived his right to any compensation for land taken for said road.

Injunction dissolved and petition dismissed.

L. C. Feighner and Geo. E. Hahn, for Plaintiff.

S. R. Harris and P. W. Poole, for Defendant.

---

(Superior Court of Cincinnati.)

(Special Term, 1899.)

BIG BOOM LOAN & BUILDING CO. v. RYAN et al.

*Appraisements—When they may be set aside.*

---

On motion to set aside appraisement.

Dempsey, J.

To set aside the appraisement of sworn officers of the law, who have made their estimates on actual inspection and view of the premises, should only be done when the evidence is clear and convincing that they have been mistaken in their judgment. I have no doubt but that defendants' witnesses are honest in their judgments; but I think the appraisers' judgment is confirmed by the values of the ground and the house ten (10) years ago as given by Mr. Ryan, if those values be taken as a factor in connection with the marked depreciation in all real estate in the last seven years, and to this he added the percentage of depreciation of the house that is yearly made and allowed because of wear and tear and the effect of time and the elements. My judgment is that the sheriff's appraisers made a fair estimate of the present value of both ground and house; and defendants' motion will consequently be overruled.

Scott Bonham; C. W. Merrill.